[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The sole issue in question is the plaintiff fathers objection to the issuing of an immediate income withholding order pursuant to a "notice and claim form" (JD-FM-88) issued by the Department of Social Services on CT Page 10964 June 5, 2000. The plaintiff filed a timely objection on June 12, 2000 stating: "I have never been late with a payment I agreed to pay more than the normal guidelines. I am frequently giving more money for my girl's activities, i.e. $120 for Sara last week, $350-400 in clothing in the past 2 months, etc." For the reasons hereinafter set forth, the plaintiff's objection is sustained, the notice and claim proceeding is dismissed and any withholding order issued pursuant thereto is vacated forthwith.
The factual background is not complicated. The plaintiff husband and the defendant wife intermarried on June 22, 1985 in the Town of East Granby. There were two children, Sara, now age 13 and Rachel, now age 10. In May 1999, the plaintiff husband filed this action seeking dissolution of the marriage on grounds of irretrievable breakdown. The defendant mother filed a cross-complaint and motions for alimony and child support pendente lite.[1] The parties both appeared on May 26, 1999 with counsel. A hand written agreement was approved by the court,Caruso, J., providing that the plaintiff pay $250.00 per week for child support pendente lite and $200.00 per week alimony pendente lite. The parties submitted a signed waiver of immediate income withholding. A subsequent agreement related to custody and visitation issues and did not alter the monetary orders. The case was claimed to the limited contested list.
On February 24, 2000, the court, Brennan, J.T.R., entered judgment dissolving the marriage. The court incorporated a fourteen page written agreement of the parties. The agreement provided shared custody of the children with primary residence with the defendant mother. The plaintiff father agreed to continue to pay $250.00 per week in child support.[2]
The plaintiff also agreed to pay $100.00 per week as periodic alimony for CT Page 10965 a period of six years or until the remarriage or death of the defendant Once again the parties executed and filed a waiver of immediate income withholding, although the separation agreement and judgment file are totally silent on the issue.
The notice and claim form promulgated by the Department of Social Services does not claim a delinquency. In fact the person completing the form checked the "no" box under delinquency and answered "$0.00" in the box labeled "balance owed". In fact, the form is devoid of disclosing any reason to initiate income withholding now after the parties waived it just months ago.
Although the law requires that within forty-five days after the inception of the notice and claim, the objection must be docketed for a short calendar hearing, the parties notified of the hearing date, and the court or the family support magistrate division "promptly hear and determine the claim" this objection first appeared on the September 1, 2000 docket It was not clear what notice was provided to the parties although the case did appear on the printed docket with a legend stating "objection". Neither party appeared at the hearing. There also was no representative of the Department of Social Services.
When the matter was called, a support enforcement officer stated that the defendant mother had apparently applied for IV-D services and demanded immediate income withholding. General Statutes § 46b-362 (c)(2) allows "the dependent" to "request withholding to enforce a prior order of support . . . regardless of any delinquency".[3] Noting the substantial number of instances where the court has found unauthorized utilization of this very limited procedure,[4] the officer opined that this time the Department had properly utilized the procedure because the original trial court had failed to order immediate income withholding, so the procedure was available to initiate one.
This logic would be correct but for the signed waiver in the court file. The income withholding statute provides in relevant part: "The Superior Court and any family support magistrate shall issue an order for withholding pursuant to this section against the income of an obligor to enforce a support order when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding. The court shall order the withholding to be effective immediately or may, for cause or pursuant to an agreement by the parties, order a contingent withholding . . ." General Statutes § 52-362 (b) (emphasis added). The signed waiver form filed by the parties at the time the final order was set is such an agreement of the parties providing the trial court with sufficient cause to refrain from ordering immediate income withholding. Federal law also provides for written waivers. 45 C.F.R. CT Page 10966 303.100(b)(1)(ii). The court has held that given the acceptance by the court of a written agreement waiving immediate income withholding there is no "provision of federal or state statute that would provide revocation of that waiver" through an administrative proceeding.[5]Konan v. Konan, 8 S.M.D. 105, 113, 9 CSCR 1075 (1994).
The decision in Konan predates the enactment of General Statutes § 46b-362 (c)(2). However, Federal regulation, 45 CER 303.100(b)(1) was in effect at the time and mandated issuance of immediate income withholding "regardless of whether support payments by such parents are in arrears. . . ." The holding of the case is equally applicable to the present situation. In Konan the court pointed out the disparity in the position taken that a delinquency is not required to trigger withholding compared to the notice form which "prominently links the demand for wage withholding to an alleged thirty day delinquency." Id, 111. The form JD-FM-68 has been revised since 1994. In the present case a February 1998 revision was utilized. Although some corrections have been made the form continues to be misleading. The present defendant chased the bait and addressed his objection almost exclusively to rebuffing a claim of delinquency that was not actually made. Although the statute mandates that the claim for contain "a checklist identifying the most common defenses and exemptions", General Statutes § 46b-362 (c)(1), the filing of a waiver is not listed, whereas the bulk of the checklist relates to delinquency defenses that are inapplicable where no delinquency is alleged. Clearly the intent if not the letter of the statute is being subverted.
The misdirection inherent in the process is disturbing to the court Furthermore, the statutory changes in state and federal law since 1994 have not specifically provided for revocation of a filed waiver. In this case, the waiver was filed at the time of the final dissolution judgment after which the trial court did not enter a withholding order, hence by implication if not explicitly endorsed the waiver. This process, if allowed to stand, would allow "an Administrative Agency the authority to modify the Order of a Superior Court Judge without a hearing [by imposing immediate income withholding after the judge declined to enter such an order] and . . . [allow] for a taking of income by withholding . . . raises serious Constitutional questions. "No person shall . . . be deprived of life, liberty, or property without due process of law. . . ." U.S. Constitution, Article V; [Conn. Const amend. XVII].[6] The statute has the effect, in this particular case, of taking money from the defendant that is not yet due to the plaintiff, without a hearing and without any prior Judicial mandate." Granger v. Sacci, 12 S.M.D. 168, 169-170 (Matasavage, F.S.M., 1998).
Once a waiver has been accepted by the court, any revocation or CT Page 10967 modification can only be accomplished by a court. Further, in the statute requires any "request" for a withholding order must be made by the "dependent" in this case being the plaintiff. The "request" here relates back to the plaintiff only by means of double hearsay — by the support enforcement officer interpreting the intent of the Department of Social Services investigator who may have had a request from the plaintiff. There is not so much as a scrap of paper from the plaintiff herself indicating her request, much less why her waiver and the court's endorsement of it should be abrogated mere months after inception.
For the reasons stated, the plaintiff's objection is sustained, demand for withholding pursuant to the notice and claim proceeding is denied and any withholding order issued pursuant thereto is vacated forthwith.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate